Samuel H. Hofstadter, J.
This • litigation stems from the defendant’s attempted revocation of a championship award won by the plaintiff’s pony at a horse show conducted under the defendant’s auspices. The plaintiff Alice Pasternak, an infant under the age of 18, owns a pony named Little Adolf. She entered and rode her pony in the Pox Hill Stables Junior Horse Show held on July 28, 1963, and at its conclusion Little Adolph was as the result of the ribbons he had won during the day awarded the championship of the large pony division. Thereupon, one Robert McMenomy, the owner of the St. James School of Horsemanship, made a protest against the award which the defendant has upheld. The protest was grounded on the assertion that the plaintiff’s pony was over the maximum height of 14 hands, 2 inches, or 58 inches, permitted in the pony class under the defendant’s rules. So far as the papers disclose, neither McMenomy nor anyone else questioned Little Adolph’s height at any time until after he had been declared champion at the end of the .show.
The defendant’s rules prescribe the method of measuring the height of animals and provide for the issuance by it of official measurement cards each year until a pony reaches the age of six, when an official card for life is issued. Little Adolf was six years old and an official measurement card for life had been issued to the plaintiff for him in 1962. According to this card, Little Adolf’s height, measured flat, i.e., without heels, was 14 hands, 1% inches. He wore heels during the July 28, 1963 show which, it is said by the defendant, brought his height above the permitted 14 hands and 2 inches.
*325 On the receipt of McMenomy’s protest the show committee, after examination, determined that Little Adolf had been shown in violation of the Association’s rules, and the plaintiff was requested to return the ribbons and trophies won at the show. On her refusal to comply with this request the defendant’s president notified her in writing that Little Adolf was barred from showing for the balance of 1963 and renewed the request for the return of her winnings. Thereafter, at the request of the plaintiff’s father, a hearing was held before the defendant’s enforcement committee, which has jurisdiction to review the findings of a show committee. The plaintiff’s father was present as her attorney and her mother gave her version of the affair. The enforcement committee affirmed the decision of the show committee and thereupon the defendant gave the plaintiff formal notification of this determination, barred Little Adolf from showing Tor the balance of 1963, and ‘ ‘ directed ’ ’ the plaintiff to return the trophies, ribbons and other winnings of Little Adolf at the Fox Hill Stables Junior Horse Show, ‘1 subject to further disciplinary action. ’ ’ This lawsuit followed. In it the plaintiff challenges the validity of the defendant’s action and seeks a temporary injunction.
It is clear from the carefully drawn papers that this is a matter of real moment to the parties and that the issue between them can be resolved only by judicial determination after trial. The resolution of the dispute hinges on substantial questions, both of fact and law. The plaintiff urges that under the defendant’s rules, correctly read, McMenomy was not qualified to protest the award to Little Adolf at all, because he was not. the owner or lessee of a horse entered in the class in which the award was made; that the protest itself was not made in accordance with the defendant’s rules; that the measurement of the pony after the protest likewise was not conducted as prescribed by the rules and that the hearing by the enforcement committee was unfair. The defendant refutes these contentions. If upon the trial it is found that the initial protest was invalid conceivably it may be determined that all subsequent action falls with the protest. Of course, no opinion is expressed here on the question.
The immediate concern is with the relief, if any, which the plaintiff should have now. The chief bone of contention seems to be over the return of the ribbons and trophies. The defendant is willing to hold them in escrow pending final determination; the plaintiff insists on keeping them and giving an undertaking for their value. This impasse can be resolved by placing them in the custody of some neutral person upon whom the parties *326 agree or by depositing them, in court to await the outcome of the suit. The defendant expresses its willingness to forego further disciplinary action if the ribbons and trophies are returned to it; since their deposit, as above indicated, will serve the same purpose, disciplinary action should be withheld. The defendant also states it will not publish the determination made by the enforcement committee until the determination of the action, Since there is no apparent intention to enter Little Adolf in any show during the balance of 1963, his disqualification for that period will not cause the plaintiff any substantial injury. Accordingly, if the ribbons and trophies are deposited as indicated and if the defendant stipulates on the settlement of the order hereon not to take any further disciplinary action or to make publication of any kind with respect to Little Adolf until the final determination of the action, the motion for an injunction is denied. If the defendant fails so to stipulate, the defendant will be enjoined from taking such action or making such publication and the plaintiff may retain the ribbons and trophies, on filing an undertaking for $250. The court makes this disposition because it is persuaded that the issue tendered by the plaintiff is sufficiently substantial to justify the preservation of the status quo and that no harm can be done the defendant by so doing, while the hurt to the infant plaintiff from a different course might well be serious, if not irreparable.